IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BILLY ANTHONY JONES, <br> PLAINTIFF, <br> <br> v. <br> <br> CAROLYN W. COLVIN, <br> ACTING COMMISSIONER OF SOCIAL <br> SECURITY, <br> DEFENDANT. | § <br> § <br> § <br> § CIVIL ACTION NO. 4:12-CV-835-Y <br> § <br> § <br> § <br> § <br> § |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND
### NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS

### I. STATEMENT OF THE CASE

Plaintiff Billy Anthony Jones ("Jones") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security. Jones disagrees with the Commissioner's determination that he is ineligible for supplemental security income ("SSI") benefits because he has excess resources, notwithstanding that Jones had established he was disabled under the Social Security Act ("SSA").

1

On April 6, 2009, Jones protectively filed an application for SSI under Title XVI of the SSA.[1] (Tr. 12, 91-100.) In the application, Jones indicated that his primary residence was at a house located at 2913 NW 24th Street in Fort Worth, Texas. (Tr. 92.) He further stated that he and his wife, Sandra Jean Camp, also owned a 2 bedroom, 1 bath wood framed house that was rented and had a tax- assessed value of $32,500.00 (hereinafter referred to as "the secondary residence").[2] (Tr. 93.) As to the secondary residence, Jones further stated:

> My daughter purchased a home and my wife is the co-signor on the loan. She pays the mortgage. The mortgage payment is $411.00 a month. I don't know how it shows that my wife and myself are the owners. My daughter said she deeded me the property but she is still paying on it. This property was taken out of my name on 4/22/09.

(Tr. 94.) Jones further indicated in the application that his wife owned the following vehicles: (1) a 94 Chrysler Labaron valued at $1,200; (2) an 83 Suburu GL valued at $800; and (3) a 77 Chevy Silverado valued at $1000. (Tr. 95.) In a "Review Statement Summary for Supplemental Security Income" dated September 21, 2009, Jones indicated that the value of the 94 Chrysler Labaron had decreased from $1,200 to $300 in October 2009 and that it no longer ran. (Tr. 80.) Thereafter on October 6, 2009, Jones submitted "Amendments to Application Summary for Supplemental Security Form ("Amendments")". (Tr. 71-73.) In the Amendments, Jones stated:

> On September 9, 2009, I unknown [sic] 2911 NW 24th St Ft Worth TX with JESSICA BARNES WESTERMAN [("Westerman")],[3] who is related to me. It was worth $32,500.00. I do not expect additional cash property or services. I do not still own part of the property.

(Tr. 72 (footnote added).)

---

[1] The application appears to have been actually filed on April 22, 2009. (Tr. 91-100.)

[2] This house was located at 2911 NW 24th Street in Fort Worth, next door to his primary residence. (Tr. 22-23.)

[3] Jessica Barnes Westerman is Jones' step-daughter. (*See, e.g.*, Tr. 178.)

2

On October 13, 2009, the SSA denied Jones' application for SSI because his and his spouse's resources were worth more than $3,000. (Tr. 59-70.) In calculating, Jones' resources, the SSA noted that Jones had (1) $32,500 in real estate or business property (that was converted to cash beginning in May 2009), (2) a 1994 Chrysler worth $300, and (3) a 1983 Subaru worth $800 and found that such resources amounted to $30,600 over the resource limit of $3,000.[4] (Tr. 68-70.) The SSA indicated that it did not include the value "of a home, one vehicle, and a burial fund of up to $1,500.00" in the calculation of Jones' resources. (Tr. 68-70.)

On December 11, 2009, the SSA denied Jones' request for reconsideration, stating:

> You requested a reconsideration stating that you did not agree with the prior decision because your resources were counted incorrectly.
>
> We determined that the prior decision was correct. You are not eligible for SSI because your countable resources are worth more than the $3000.00 resource limit. On the first day of April and continuing, you and your spouse owned the following items which count toward the resources limit.
>
> | | |
> |---|---|
> | 1994 Chrysler Automobile | $300.00 |
> | 1983 Subaru Automobile | $800.00 |
> | Real estate or business property | $32,500.00 |
>
> You stated that you transferred your real estate to your daughter for $10.00 However, since you did not receive a fair market value for the property, you are not eligible for SSI based on the value of that property.

(Tr. 52; see Tr. 12.) Jones filed a request for a hearing before an administrative law judge ("ALJ") (Tr. 12, 55) and the ALJ held a hearing on August 11, 2010. (Tr. 16-47.)

---

[4] The SSA calculated this amount as follows:

| | |
|---|---|
| 1994 Chrysler | $ 300.00 |
| 1983 Subaru | $ 800.00 |
| Real Estate or business property | $32,500.00 |
| Total Resources | $33,600.00 |
| SSI Resources Limits for a Couple | -$ 3,000.00 |
| Amount Over the Resource Limit | $30,600.00 |

3

On November 23, 2010, the ALJ issued a decision finding that "the claimant's spouse transferred a resource for less than fair market value in violation of the Act." (Tr. 14; *see* Tr. 9-15.) Consequently, the ALJ held that Jones was "not entitled to have his eligibility for [SSI] benefits re-evaluated and is ineligible for [SSI] benefits." (Tr. 14.) In making such a determination, the ALJ stated, *inter alia*, the following:

> On August 11, 2010, the claimant appeared at his hearing and testified as follows:
>
> > He and his wife bought the property in question from a neighbor on a balloon note in 2006. He had a year to pay off the note or secure financing for the balance. However, he was unable to secure financing or pay off the note within that year. He was injured at his job and was not able to go back to work.
> >
> > His wife's daughter showed an interest in the house, so he told her that if she could get a loan, she could have the house. She subsequently got a loan and acquired [the] house. The neighbor released the lien on the property after the daughter got the loan. The bank that his daughter received the loan from currently has a lien on the property. . . .
>
> The claimant and his wife, Mrs. Sandra Camp, originally purchased the property located at 2913 [sic] N.W. 24th Street, Fort Worth, Texas ("the property at issue"), on July 20, 2006, from Mr. Jim Robbins.
>
> On September 19, 2007, Mrs. Camp and her daughter, Ms. Jessica Barnes, secured a loan with Bank of America in the amount of $27,200, which was used to pay off the original debt owed to Mr. Robbins. There was no evidence to establish what type of interest, if any, the claimant retained as a result of this transaction. However, the loan agreement clearly establishes that Mrs. Camp and Ms. Barnes were beneficiaries of the loan and used those proceeds to satisfy the obligation owed to Mr. Robbins.
>
> On April 9, 2009, the claimant and Mrs. Camp executed a Special Warranty Deed concerning "the property at issue" in favor of Mrs. Barnes for the consideration of $10.00 and "other good and valuable consideration[.]"
>
> The claimant testified that he gave "the property at issue" to Ms. Barnes after she was able to secure a loan and pay the claimant's obligation to Mr. Robbins. However, as detailed above, Mrs. Camp, the claimant's wife, and Ms. Barnes jointly

4

secured the loan and used those proceeds to pay off Mr. Robbins on September 19, 2007, nearly a year and a half prior to the Special Warrant[y] Deed's issuance. Furthermore, I find the fact that both Mrs. Camp and Ms. Barnes secured the loan together clearly establishes that both Mrs. Camp and Ms. Barnes obtained some type of interest in the property as of September 19, 2007 in exchange for the obligation for the loan with Bank of America. As stated above, there is insufficient evidence after September 19, 2007, to determine what type of interest, if any, the claimant retained in "the property at issue". Accordingly, the evidence has established that Mrs. Camp and Ms. Barnes have some type of interest in the property at issue as of September 2007.

Thus, the real issue in this case is what "other good and valuable consideration" did Mrs. Camp receive as a result of the April 9, 2009 conveyance? There is no evidence that the Bank of America has released Mrs. Camp's obligation to the loan that was jointly secured by Mrs. Camp and Ms. Barnes, which would be fair market value for her interest in the property. Likewise, there is no evidence that Ms. Barnes provided Mrs. Camp with any other type of "good and valuable" consideration" which would be considered fair market value. Therefore, I find that the objective evidence of record establishes that Mrs. Camp surrendered her interest in "the property at issue" for $10.00. Accordingly, I find that the Special Warranty Deed executed on April 9, 2009, is a fraudulent transfer, as Mrs. Camp released her interest in "the property at issue" in favor of Ms. Barnes and failed to receive fair market value in return. As a result, the claimant is not entitled to have his eligibility for supplemental insurance benefits re-evaluated.

(Tr. 13-14 (internal citations omitted).)

Thereafter, Jones appealed the ALJ's decision to the Appeals Council and submitted several additional documents for the Appeals Council's review. (Tr. 167-81.) On September 13, 2012, the Appeals Council denied Jones' request for review, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 4-7.) In reference to the additional documents that Jones submitted to the Appeals Council, the Appeals Council stated:

> The [ALJ] found that you were not eligible to receive [SSI] payments pursuant to the application filed on April 6, 2009 because you and your spouse transferred real property for less than fair market value in April 2009. The evidence of record indicates that you and your wife purchased a property located at 2911 NW 24th Street, Fort Worth, Texas for $31,000 in July 2006. You transferred the property at issue to Jessica Barnes Westerman by special warranty deed on April 9, 2009 for $10 and "other good and valuable consideration[.]" The record does not show what consideration you received for the transfer of the property. The document

5

dated August 24, 2010 purporting to release you and your wife from the lien on the property is not signed by the lender or Ms. Barnes Westerman. Therefore, the [ALJ]'s finding that you were not eligible to receive SSI because you and your spouse transferred a resource for less than fair market value is supported by the evidence of record.

(Tr. 5 (internal citations omitted).)

## II. **STANDARD OF REVIEW**

SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA and numerous regulatory provisions. *See* 20 C.F.R. Pt. 416. The SSI program provides non-medical cash assistance to aged, blind, or disabled persons. *See* 42 U.S.C. § 1381 *et seq.* As relevant here, a disabled person is eligible for SSI if his monthly income and overall available resources do not exceed certain maximum amounts set forth in the statute and regulations. *See* 42 U.S.C. § 1382; 20 C.F.R. § 416 Subpts. D and K and 20 C.F.R. § 416.1205. In 2010, the year Jones was denied eligibility, the maximum amount of resources of a disabled individual residing with a spouse could have was $3,000.00. *See* 42 U.S.C. § 1382(a)(2); 20 C.F.R. § 416.1205(c). "If the Department of Health and Human Services ("HHS") determines that either of an individual's available resources or monthly income exceed the prescribed limits, he or she is ineligible for SSI benefits." *Miranda v. Barnhart*, No. SA-00-CA-1195nn, 2002 WL 1492202, at *1 (W.D. Tex. Mar. 29, 2002). A claimant's primary residence, one vehicle used for transportation, and several other items not at issue in this matter are excluded from the calculation of the resource limit. *See* 20 C.F.R. 416.1210-39. When a claimant disposes of an excess resource for less than fair market value,[5] the regulations presume that the transfer was for the purpose of establishing entitlement to SSI benefits. *See* 20 C.F.R. § 416.1246. Moreover, a claimant or eligible spouse who gives away or sells a resource for

---

[5] Fair market value is "equal to the current market value of a resource at the time of transfer or contract of sale, if earlier." 20 C.F.R. § 416.1246(b).

less than fair market value for the purpose of establishing SSI eligibility will be charged with the difference between the fair market value of the resource and the amount of compensation received in exchange for it, which will count toward the resource limit for a period of twenty-four months from the date of transfer. *See* 20 C.F.R. § 416.1246(a).

As with all social security cases, judicial review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied to evaluate the evidence. *Miranda*, 2002 WL 1492202, at *4; *see Neal v. Bowen*, 829 F.2d 528, 530 (5th Cir. 1987). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

### III. ISSUE

Jones raises, in essence, the following issue:

> Whether the Appeals Council's decision that Jones owned excess resources and, thus, was not eligible for SSI is supported by substantial evidence.

(Plaintiff's Brief ("Pl.'s Br.") at 1.)

### V. DISCUSSION

In this case, Jones argues that he was "not at fault regarding the excess resources" and he "need[s] to be determined eligible for SSI." (Pl.'s Br. at 1.) Jones claims that the "SSA office

7

advised [him] to 'get rid of the [secondary residence]'" and then he would be eligible for SSI payments. (Pl.'s Br. at 3.) He argues that the transfer of the secondary residence to Westerman was done on September 10, 2007, long before he filed for SSI disability on April 6, 2009. (Pl.'s Br. at 3.) Jones further states that the ALJ incorrectly referred to his secondary residence or "house at issue" as 2913 instead of 2911 NW 24th Street, which shows a lack of detail and concern. (Pl.'s Br. at 3.) In addition, Jones claims that the "Appeals Council failed to review and consider the Brief (Exhibit AC-5 of the Record) which was received on September 7, 2012, then issued a denial of the appeal just 6 days later on September 13, 2012. (*Id.*) Jones requests that the Court remand the case for rehearing before an ALJ so that the employee of the SSA office who advised him to get rid of the secondary residence, the original seller of the house at issue, and Westerman can be subpoenaed to testify to show "the truth of the 'excess resource.'" (Pl.'s Br. at 4.)

The Court has reviewed the ALJ's decision, all documents in the record, and the parties' briefs. Based upon this evidence, the Court concludes, based on the reasoning set forth by the ALJ and the Appeals Council, that substantial evidence supports the Commissioner's decision that Jones' secondary residence is an excess resource that was transferred to Westerman for less than fair market value in violation of the SSA. The ALJ carefully analyzed all the evidence before him and came to the only logical conclusion that was supported by such evidence.

As to Jones' claim that he relied on the advice of an employee of the SSA to "get rid of the house," the Court notes that "[i]t is well established that reliance on the misinformation or erroneous information provided by government employees is not a basis for estoppel." *Hartson v. Bowen*, No. H-83-7218, 1987 WL 11151, at *2 (S.D. Tex. May 11, 1987); *see Schweiker v. Hansen*, 450 U.S. 785 (1981) (finding that the SSA can deny benefits for failure to follow agency rules to a claimant who obediently follows the rules communicated to her by the agency). In addition, Jones has not

shown that such advice was *per se* erroneous. As relevant here, the only way Jones was going to be found eligible for SSI was to show that he and his spouse owned a maximum amount of $3,000 in resources. To do so, Jones was going to have to prove that neither he nor his spouse were the owner of the secondary residence and /or had disposed of such resource for fair market value. Either option involved providing non-conclusory and non-speculative evidence indicating that he had, at some point, "gotten rid" of the secondary residence.

As to Jones' claim that the transfer of the secondary residence to Westerman was done on September 10, 2007, long before he filed for SSI disability on April 6, 2009, the documented non-conclusory and non-speculative evidence before the ALJ and the Court, as detailed herein, does not support such assertion.[6] As to Jones' claim that the ALJ erroneously referred to the secondary residence as being located at 2913 instead of 2911 NW 24th St., such an error is a typographical error and does not render the ALJ's determination unsupported by substantial evidence nor is it prejudicial to Jones. *See, e.g., Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *Bauman v. Astrue*, No. 5:11-CV-00142-BG, 2012 WL 3568182, at *8 (N.D. Tex. Apr. 30, 2012).

Finally, as to Jones' claim that the Appeals Council failed to review and consider the Brief (Exhibit AC-5 of the Record), the evidence shows that the Appeals Council did in fact review such brief prior to making its decision. (*See* Tr. 8.)[7] The Appeals Council is not required to explain its

---

[6] As noted by the ALJ, "there is insufficient evidence after September 19, 2007, to determine what type of interest, if any, the claimant retained in 'the property at issue'." (Tr. 14.) However, the evidence clearly indicates that, at the very least, Camp, Jones' wife, clearly retained an interest in the secondary residence well after September 2007. The social security laws and regulations require the resources of a spouse to be included in the determination of eligibility for SSI benefits. *See* 42 U.S.C. § 1382(a)(2); 20 C.F.R. § 416.1205(c).

[7] Social Security regulations allow claimants to submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. 20 C.F.R. §§ 404.970(b), 404.976(b); *see Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 331-32 (N.D. Tex. 2003). The Appeals Council is required to evaluate the entire record, including any new and material evidence submitted by the claimant. *Id.* The Appeals Council's decision to decline to grant review of an ALJ's decision is part of the "final decision" and, as such, is reviewable in federal court. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336-38 (5th Cir. 2005). In the Fifth Circuit, "evidence submitted by a claimant

reasons for rejecting such evidence.[8] Moreover, this and the other evidence submitted by Jones to the Appeals Council was either duplicative of the other evidence in the record or did not dilute the record to such an extent that it is no longer supported by substantial evidence.[9] Based on the foregoing, the Court finds that the administrative record contains substantial evidence supporting the ALJ's determination and that such determination not been shown to be the result of legal error. Consequently, remand is not required.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de*

---

to the Appeals Council does not per se require remand to the Commissioner simply because the Appeals Council failed to address the evidence in its decision." *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *6 (W.D. La. Aug. 28, 2009) (citing *Higginbotham*, 405 F.3d at 332 and *Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006) ("*Higginbotham II*")). "A court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision becomes insufficiently supported." *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (citing *Higginbotham II*, 163 F. App'x at 281-82).

[8] Fifth Circuit precedent states that the requirement requiring a detailed discussion of additional evidence was suspended by the Executive Director of the Office of Appellate Operations years ago, and there is no indication such suspension has been lifted. *See Higginbotham*, 405 F.3d at 335 n.1; *see also Frazier v. Colvin*, No. 12-1728, 2013 WL 4040061, at *6 (W.D. La. Aug. 7, 2013); *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *8 (N.D. Tex. July 31, 2010) (citing *Higginbotham*, 405 F.3d at 335 n.1); *Coleman v. Astrue*, No. 1:08-CV-230-SAA, 2010 WL 956175, at *6 (N.D. Miss. Mar. 11, 2010); *Walker v. Astrue*, No. 3:09-CV-1900-BH, 2010 WL 910505, at *9 (N.D. Tex. Mar. 13, 2010); *McGee v. Astrue*, No. 08-0831, 2009 WL 2841113, at *5 (W.D. La. Aug. 28, 2009).

[9] The Court notes that the Appeals Council specifically discussed why it rejected the document dated August 24, 2010 that purported to release Jones and his wife from the lien on the secondary residence. (Tr. 5; *see* Tr. 163-64.)

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 16, 2013** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 2, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv